[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12313
Non-Argument Calendar

_____

D. C. Docket No. 00-00938-CV-HS-S

SANDRA H. FAUST,

Plaintiff-Appellant,

MAX POPE,
Trustee in Bankruptcy,

Plaintiff,

versus

PEMCO AEROPLEX, INC.,

Defendant-Appellee,

AEROSPACE WORKERS OF AMERICA (UAW), et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 15, 2007)

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Sandra Faust appeals from the district court's order granting summary judgment to Pemco Aeroplex, Inc. ("Pemco") in her employment discrimination lawsuit, filed pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. In her lawsuit, Faust alleged that Pemco illegally denied her a union-classified position because of her disability in violation of the ADA. On appeal, Faust argues that there existed material issues of genuine fact precluding summary judgment, including whether she has a physical impairment that substantially limits her in the major life activities of working, caring for herself, performing manual tasks, lifting, and reaching. We affirm.

We review a district court order granting summary judgment de novo, view all of the facts in the record in the light most favorable to the non-moving party, and draw all inferences in her favor. Frederick v. Sprint/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. We give credence to evidence favoring the non-movant as well as "uncontradicted and unimpeached" evidence from disinterested witnesses that supports the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S.

2

133, 151 (2000). In the context of summary judgment, we must look at the record as a whole, reviewing all of the evidence in the record. Id. at 150.

The ADA provides that no covered employer "shall discriminate against a qualified individual with a disability because of the disability of such individual" in any of the "terms, conditions, [or] privileges of employment." 42 U.S.C. § 12112(a). This provision covers terminations. Id. To establish a prima facie case of employment discrimination under the ADA, a plaintiff must show: (1) she has a disability; (2) she is a qualified individual with or without reasonable accommodation; and (3) she was discriminated against because of her disability. Rossbach v. City of Miami, 371 F.3d 1354, 1356-1357 (11th Cir. 2004).

The ADA defines the first element of the prima facie case -- a disability -- as follows: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). A court generally determines the existence of a disability, under the first definition, by making a three-point assessment of whether: (1) a plaintiff's injury is a physical impairment; (2) the activities that the plaintiff claims are limited by his injury qualify as major life activities; and (3) the injury substantially limits the major life activities he identifies. See Bragdon v. Abbott, 524 U.S. 624, 631 (1998).

3

Applying the Bragdon three-point assessment, the district court concluded that although Faust has a physical impairment, within the meaning of the applicable Equal Employment Opportunity Commission regulations, 29 C.F.R. § 1630.2(h)(1), there was no evidence that Faust's restrictions substantially limited the "major life activities" identified by Faust, including working. Indeed, the district court noted that Faust was not limited in the major life activity of working, as evidenced by her ability, in the past, to continue working with the very disability upon which she relies in the instant suit. After she was injured in 1991, she continued working until 1996 when she went on strike. She subsequently could have performed a job in her employer's planning department, but chose not to because it would result in a loss of union pay and benefits.[1] In a thorough and well-reasoned opinion, the district court considered and rejected every argument Faust raises in the instant appeal. In short, Faust was not an "individual with a disability," within the meaning of the ADA. Accordingly, the district court did not err by entering summary judgment on this basis.[2]

**AFFIRMED.**

---

[1]The district court noted that Pemco allowed Faust to work for five years after her injury and even offered her the job in the planning department, thus indicating that Pemco did not perceive her as disabled for purposes of the ADA.

[2]Based on Faust's failure to satisfy her burden, at the summary judgment stage, on the first factor of her prima facie case, we need not, and do not, consider her arguments on the other factors.